### T. Talbert *v.* E. A. Stone.

10   537
111   336

To sustain an action for malicious prosecution, the prosecution complained of should be shown to have been destitute of probable cause. What will or will not amount to probable cause, will depend on the circumstances of each particular case.

Probable cause does not depend on the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting.

An overseer who is to receive from his employer, in compensation for his services, the one-fifth of the crop, must, in an action against his employer for his wages, show the value of the crop.

APPEAL from the District Court of Franklin, *Barry,* J.

Rives, for plaintiff and appellant. *Morrison, Hough,* and *Jones,* and *McGuire & Ray,* for defendant.

Buchanan, J. Plaintiff employed defendant as overseer of his plantation, during the year 1847. He discharged him at the end of the year, and in May, 1848, commenced this suit for the price of a mule, the hire of three slaves, keeping of horse, &c. The principal item, however, is a sum of six hundred dollars, which plaintiff alleges defendant stole from him on the 26th of December, 1847.

Defendant pleaded the general issue; and reconvened, claiming wages as overseer under a contract, and also five thousand dollars as damages, because, "said *Talbert,* in violation of good faith, discharged this respondent without compensating him for his labor, and from unjust and malicious motives charges this respondent with theft, in order to injure the character of this respondent and excite prejudices in the mind of the community against him."

This issue was tried before a jury, who, on the 1st of December, 1849, found a general verdict in favor of the plaintiff for five hundred and three dollars and fifty cents. Defendant appealed, and our predecessors, at the October term, 1851 (not reported), reversed the verdict, not being able to agree with the conclusions of the jury, and remanded the cause for a new trial. On the second trial in the District Court, in October, 1853, the jury returned the following verdict: "We, the jury, find for defendant for overseer's wages, the sum of two hundred and twenty-five dollars, and for damages, the sum of three thousand five hundred dollars."

From this verdict, and the judgment rendered thereupon, the present appeal is taken.

The first, and most important matter to be examined, is the claim for damages for a malicious prosecution. It is a fundamental principle of law in reference to such actions, that the prosecution complained of, should be shown to have been destitute of probable cause. Greenleaf's Ev. § 449. What will or will not amount to probable cause, says that author, at § 455, will depend upon the circumstances of each particular case. And again: "Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting."

Plaintiff brings this suit, in part, to recover from defendant, a sum of money which he alleges the latter stole from him. That there were some circumstances of probable cause for such a claim, may be inferred from the verdict of the first jury which tried this cause. In reference to that verdict, our predecessors said: "A careful examination of the record has satisfied us that the verdict

68

of the jury rests upon the belief, on their part, that the money claimed by the plaintiff had been stolen by the defendant. And the prompt and decisive action of the District Judge on the motion for a new trial, shows that, in his opinion, that fact was free from all reasonable doubt." The cause was remanded on that occasion, not because there was no probable cause for the claim for stolen money, but because, in the opinion of the Supreme Court, differing in that respect from the jury and Judge by whom the cause had been tried in the first instance, there was not sufficient proof of the theft. In that particular, we are not prepared to say, that we disagree with our predecessors; for the cause is before us on precisely the same evidence as before them, with the addition of some evidence as to character, which is about equally balanced. But because there is not sufficient legal proof to convict the defendant of the crime charged, it by no means follows, necessarily, that plaintiff is to be mulcted in damages for having made the charge. Our predecessors have not said, that there was no probable cause for the charge shown by the evidence. Their language points to the directly opposite conclusion. We will not recapitulate the evidence. Suffice it to say, that we may, without violence, infer from it, in the language of Greenleaf, "an honest and reasonable belief," on the part of plaintiff, in the truth of his charge.

The verdict and judgment for damages, are, in our opinion, erroneous upon legal principles.

The jury have also allowed defendant two hundred and twenty-five dollars for wages as overseer. The appellant complains of this allowance as not justified by the evidence, under the pleadings.

In his answer and plea in reconvention, the defendant claims wages as overseer of plaintiff's plantation for the year 1847, under a special contract, to wit : " That this respondent was to receive from said *Talbert*, in compensation for his services, the one-fifth of the corn, fodder and crop of cotton made on said place during said period." Under this allegation, it was incumbent on defendant to show what was the value of the corn, fodder and crop of cotton made on plaintiff's plantation in the year 1847. There is no evidence to this point in the record.

The claim of plaintiff for the value of a mule, say one hundred dollars, is made out to our satisfaction.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed ; that plaintiff recover of defendant one hundred dollars, with costs in both courts ; that upon so much of the defendant's demand in reconvention, as claims damages of plaintiff for slander and for malicious prosecution, there be judgment in favor of plaintiff and against defendant ; and upon so much of said reconvention, as claims wages of overseer, there be judgment of nonsuit,